No. 53586.—V. P. Roberts & Co. *v.* United States, protest 113945–K (Boston).

Opinion by COLE, J.   At the trial it was conceded that the facts concerning the collector's final ascertainment and liquidation of duties against the transferee, plaintiff herein, are the same in all material respects as the facts in *United States* v. *V. P. Roberts & Co.* (34 C. C. P. A. 135, C. A. D. 356). In that case it was held that a transferee, having acquired imported merchandise pursuant to the provisions of section 557, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1557), is vested with all statutory privileges and considerations, attendant with the right to file a protest, as those held by the original importer, and that the time for such transferee to file a protest does not begin to run until exact duty liability on the transferred merchandise has been determined.   An examination of the official papers disclosing that the protest was filed within 60 days after the collector's decision, the final ascertainment of duties on the transferred merchandise, the protest in question was held timely.   In accordance with stipulation that the merchandise consists of wools, not sorted, the claim at 34 cents per pound under paragraph 1102 (b) was sustained.

No. 53587.—Tuteur Bio-Chemical, Inc., et al. *v.* United States, protests 125147–K, etc. (New York).

Opinion by COLE, J.   The protests were dismissed.

No. 53588.—Geigy Co., Inc. *v.* United States, protests 134965–K, etc. (New York).

Opinion by COLE, J.   The protests were dismissed.

No. 53589.—B. Westergaard & Co. *v.* United States, protest 142392–K (New York).

Opinion by COLE, J.   The protest was dismissed.

No. 53590.—Heemsoth Kerner Corporation *v.* United States, protest 145932–K (New York).

Opinion by COLE, J.   The protest was dismissed.

No. 53591.—Concord Steel Corporation as Successors to Manealoff & Co., Inc. *v.* United States, petition 6729–R (New York).

Opinion by COLE, J.   An employee of the petitioner stated that she prepared the entry papers with the necessary official documents, containing all available information on the matter of value, and turned them over to the customs broker to make entry.   The customs broker testified that he followed his usual practice, giving to the customs examiner the invoices and submission sheets, which he believed reflected the true value of the merchandise.   The uncontradicted testimony established that the entry of the merchandise at a less value than that found by the appraiser was without intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the customs officials as to the value of the merchandise.   The petition was therefore granted.